# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JAN F. BECKER,

    Petitioner,

vs.                          Case No. 4:07cv19-MP/WCS

WARDEN STEWART C. HUDSON, et al.,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

This cause is before the court on a 28 U.S.C. § 2254 petition and request to proceed in forma pauperis. Docs. 1 and 3. Petitioner claims he is incarcerated at the "Mansfield Correctional Institution Secret United Way Gulag." Doc. 1, p. 1. He claims to be a "political prisoner," having been convicted in the "Millersburg, Ohio Holmes County United Way Court of Common Pleas & Iraqi invasions." *Id.* He asserts that on February 2, 2001, "Church of Christ FEMA Judge White" sentenced him to "3 life sentences for United Way, or until kill-for-hire plot enlisting inmates was ordered by President Bush." *Id.*

Petitioner is incarcerated in Mansfield, Ohio, and challenges the judgment out of Holmes County, Ohio.[1] This is not the appropriate court to consider his § 2254 petition. Moreover, he has provided a copy of the Sixth Circuit's order affirming the Northern District of Ohio's denial of § 2254 relief. Doc. 1, attachment (order filed December 6, 2005). He may not file a second or successive § 2254 petition absent authorization from the court of appeals. § 2244(b); § 2254 Rule 9.

Petitioner is aware of all this. Research in PACER reveals he has filed § 2254 petitions all over the country. As summarized by a district judge in Texas, in an order entered February 13, 2007, "since October of 2006, this Petitioner has filed the same or similar habeas application attacking his conviction in federal courts in the states of not only Texas and Ohio, but also Florida, New Mexico, Tennessee, Illinois, California, Kentucky and Massachusetts." Becker v. Hudson, 6:07cv42WSS (W.D. Texas, Waco Division, doc. 5 in that file). *See also, e.g.*, Becker v. Hudson, 2:06cv830-JLG-MRA (S.D. Ohio, Eastern Division, finding petition successive and transferring to the Sixth Circuit; the Sixth Circuit ultimately dismissed for lack of prosecution); Becker v. Bradshaw, 1:04cv601 (N.D. Ohio, finding petition untimely under § 2244(d)); Becker v. Hudson, 1:07cv10063-RWZ (D. Massachusetts, finding that jurisdiction did not extend

---

[1] According to the opinion on appeal from the Holmes County Court of Common Pleas, Petitioner was charged with various types of sexual assault against his three step daughters, from 1988-1995. State v. Becker, unpublished opinion, 2001 WL 1744472, *1 (Ohio App. 5th District 2001). "Guilty verdicts were issued as to eighteen of the thirty-five counts by the jury. Ten of the verdicts involved life imprisonment specifications. [Petitioner] received ten life imprisonment sentences, three of which were to be served consecutively with the remaining sentences to be served concurrently." *Id.*

to petition and Ohio Respondent, also finding it an unauthorized second or successive petition); <u>Becker v. Hudson</u>, 07-3045 (CD Illinois, Springfield Division, finding venue was improper and court lacked jurisdiction over custodian); <u>Becker v. Hudsin</u>, [sic, presumably Hudson), CIV-07-0115-WJ/KBM (D. New Mexico, district court transferred petition as a second or successive petition to the Tenth Circuit, the circuit court transferred back to the district court to either dismiss or transfer to Ohio, the district court took at "peek at the merits" and dismissed the petition for lack of jurisdiction rather than transferring it). Here too, the petition should be summarily dismissed.

It is noted that Petitioner also submitted a civil cover sheet, indicating that his cause of action is brought pursuant to 42 U.S.C. § 1983 (for civil rights actions), 18 U.S.C. § 1961 (governing RICO activity), and 28 U.S.C. § § 2251 and 2254 (habeas corpus). Doc. 2. Although he does not do so on the petition, on the cover sheet Petitioner demands "$31 million each" from Respondents. *Id.*

Petitioner cannot initiate criminal proceedings against anyone in this court; that is the role of the United States Attorney for this district. He is not entitled to damages in a habeas case. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 493, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973) ("[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). If Petitioner wants to seek damages by filing a complaint (under § 1983 or otherwise) and an in forma pauperis application, he will be

subject to the Prison Litigation Reform Act (PLRA).[2] The court therefore does not construe this case as presenting anything other than a habeas corpus claim.

Finally, the fee for filing a habeas corpus petition is $5.00, and Petitioner's inmate account balance is $85.52. Doc. 2, attached statement. He can afford the $5.00 fee and is not entitled to proceed in forma pauperis.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (doc. 1) be **SUMMARILY DISMISSED**, and the request to proceed in forma pauperis (doc. 2) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 30, 2007.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] Under the PLRA (which does not apply to habeas corpus cases), even if leave to proceed in forma pauperis is granted the court may still access a partial filing fee, and Plaintiff will be required to pay back the entire fee of $350.00 (the fee for filing any civil case other than habeas corpus) in monthly installments. 28 U.S.C. § 1915(b)(1), (2). The court will dismiss the case if it finds the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). After three such dismissals, a prisoner is precluded from proceeding in forma pauperis absent allegations of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).